SKIPWORTH V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-152-CR

RANDAL GENE SKIPWORTH APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 158
TH
 DISTRICT COURT OF DENTON COUNTY

------------

MEMORANDUM
 
OPINION
(footnote: 1)

------------

I. Introduction

In two points, appellant Randal Gene Skipworth (Skipworth) complains 
that his motion to suppress was improperly denied because (1) the relevant search warrant was without probable cause which violated the Fourth Amendment to the United States Constitution and (2) the “no-knock” entry onto the premises violated the Fourth Amendment to the United States Constitution.
  Pursuant to a plea bargain, Skipworth pled guilty to the felony offense of possession of methamphetamine, enhanced by two prior felony convictions, and was sentenced to forty years in the Institutional Division of the Texas Department of Criminal Justice.

II. Procedural and Factual Background

The residence at 4212 John Court, Flower Mound, Denton County, Texas, was the object of a March 2, 2001 search warrant.  The request for the search warrant was supported by the following affidavit:

Your Affiant is Investigator Ron Atkins, a Peace Officer under the laws of the State of Texas, employed by the Lewisville Police Department and has been employed as a Police Officer for the past (25) twenty five years.  Your Affiant is currently on special assignment attached to the North Central Texas Narcotics Task Force.

Your Affiant has personally set up three individual drug purchases where Tresa Rateliff has met a confidential informant or the confidential informant and another narcotics officer and took money for the purchase of methamphetamine.  Tresa Rateliff the [sic] left location and drove directly to 4212 John Court, Flower Mound, Denton County, Texas.  Investigator Atkins personally followed Rateliff until she pulled into the driveway of the residence and went inside.  Rateliff stayed (6) six minuets [sic] and then left the residence and drove back to the C.I. and delivered 2.2 grams of Methamphetamine.  This was observed in the past (72) seventy-two hours.

Your affiant has personal knowledge that the same set of circumstances have taken place on two previous occasions, 1-04-01 and on 2-08-01.  On all three occasions Investigator Atkins provided the Confidential Informant with official narcotics imprest [sic] funds to purchase narcotics, and searched the defendant’s person for cash or contraband prior to him/her making the narcotics purchase.  On [a]ll three occasions Investigator Atkins has followed Tresa Rateliff directly to the residence located at 4212 John Court where she went in and stayed a few minuets [sic] and then left and drove directly back to the C.I. and delivered Methamphetamines in return for the money received.

Your affiant believes the confidential informant to be credible for the following reasons:

1. The confidential informant has worked with the North Central Texas Narcotics Task Force (NCTNTF) for a period of over five months.

2. During the last five months the confidential informant has assisted the NCTNTF in making numerous purchases of narcotic substances and has given information on numerous occasions that proved to be true and correct.

3. The confidential informant has been personally trained in the identification of controlled substances and illegal drugs by members of the NCTNTF.  The confidential informant has been trained to identify the controlled substances and illegal drugs by appearance, texture, smell, and by methods of packaging.

4. It is the belief of your Affiant that drugs are being sold out of 4212 John Court, Flower Mound, Denton County, Texas [d]ue  to the fact that a know[n] drug dealer ([T]resa  Rateliff) has taken money from my confidential informant on three different occasions on [sic] drove directly to that residence and stayed only minuets [sic] and returned to the confidential informant and delivered methamphetamine.  Also Thomas Cox, who is employed with the Flower Mound Police Department, has informed your affiant that he has received drug related complaints on this residence in the past.

On the evening of March 5, 2001, members of the North Central Texas Narcotics Task Force entered the residence simultaneously through the front and back doors without knocking or announcing their presence.  Skipworth and his thirteen year old daughter were found inside the residence.  Drug paraphernalia, $1803 in cash, $1050 in money orders, 96.7 grams of methamphetamine, and 3.3 ounces of marijuana were seized.  As a result, an indictment of Skipworth was filed September 6, 2001 for one count of possession of methamphetamine and one count of possession of marijuana, enhanced by two prior offenses.  The motion to suppress and brief to the court were filed March 7, 2003, and a hearing was held the same day.  The motion was denied by order March 10, 2003.  Pursuant to a subsequent plea agreement, Skipworth pleaded guilty and agreed to a forty-year prison term, which plea the court accepted and assessed punishment pursuant to the terms of the agreement on March 28, 2003.  This appeal is pursuant to Rule 25.2(a)(2)(A) of the Texas Rules of Appellate Procedure. 
 In both points, Skipworth complains that his rights under the Fourth
 Amendment of the United States Constitution were violated, and his motion to suppress, therefore, was erroneously denied.  

III. Standard of Review

A motion to suppress is reviewed under the abuse of discretion standard, giving almost total deference to a trial court’s determination of historical facts, while reviewing 
de novo,
 the trial court application of the law of search and seizure.  
Oles v. State,
 993 S.W.2d 103, 106 (Tex. Crim. App. 1999); 
Guzman v. State
, 955 S.W.2d 85, 88-89 (Tex. Crim. App. 1997).  Absent stated grounds in the trial court’s order denying the motion to suppress, as is the case here, the record is reviewed in the light most favorable to the trial court’s ruling, which will be sustained if reasonably supported by the record on any theory applicable to the case.  
Balentine v. State
, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  

IV. Standing

As the motion to suppress was Skipworth’s, he bore the burden of proof,  including the issue of standing, that is, that he had a legitimate privacy interest in the premises at 4212 John Court.  
Granados v. State
, 85 S.W.3d 217, 222-23 (Tex. Crim. App. 2002).  Skipworth and the State agree that six factors warrant this court’s consideration in determining whether a legitimate privacy interest existed; that is, was the expectation of privacy reasonable. 
 Id
.  Those factors are:  (1) did Skipworth have a property or possessory interest in 4212 John Court; (2) did he have an legitimate presence at 4212 John Court; (3) did he exercise complete dominion or control of the location and have the right to exclude others; (4) prior to the search of 4212 John Court, did he take normal precautions customarily taken by those seeking privacy; (5) was 4212 John Court put to some private use by him; and (6) was his claim of privacy consistent with the historical notion of privacy.  
Id
.  The evidence addressing these factors is sparse and limited to one question and to one answer.  At the motion to suppress hearing, the following exchange took place between Skipworth and his counsel:

“Q: [Skipworth’s counsel]  But you had access and you were allowed to be there? [Referring to 4212 John Court] 

A: Yes, Sir.”

Skipworth’s argument on appeal regarding the standing issue is limited to two sentences:  

Appellant’s uncontroverted testimony at the hearing on the Appellant’s Motion to Suppress was that Appellant had access and a right to be on the premises.  The State did ask Appellant questions on this issue and the record is sufficient to show that Appellant had standing to contest the search of the premises.  

Yet, the one question and answer only addresses one of the six relevant factors we are to consider, i.e., legitimate presence.  There is no evidence that Skipworth had a property or possessory interest in the location, had complete dominion or control and the right to include others, took normal precautions customarily taken by those seeking privacy, put the location to some private use, or that Skipworth’s claims of privacy are consistent with the historical notions of privacy.  Bearing in mind that mere guests in a residence do not have standing, 
Villarreal v. State
, 935 S.W.2d 134, 134 (Tex. Crim. App. 1996), and mere presence in a premises does not automatically legitimize a challenge to the legality of a search, 
Castro v. State
, 914 S.W.2d 159, 164 (Tex. App.—San Antonio 1995, pet. ref’d), we cannot say that Skipworth has met his burden of proof on this issue.  Accordingly, the trial court did not abuse its discretion in denying Skipworth’s motion to suppress.

V. Conclusion

Because Skipworth does not have standing, no Fourth Amendment constitutional rights were in play, and points one and two are overruled.  The judgment of the trial court is affirmed.

BOB MCCOY

JUSTICE

PANEL B: DAUPHINOT, WALKER, and MCCOY, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED: March 25, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.